UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, SR., | No. 2:17-cv-2422 MCE DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DEUEL VOCATIONAL INSTITUTION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 5, 2019, the undersigned screened plaintiff's complaint and directed him to file an amended complaint within thirty days. (ECF No. 13). On June 24, 2019, plaintiff filed an "opposition" to the court's order. (ECF No. 16). The opposition fails to address the court's directives in its June 2019 order and cannot, even if given the most liberal construction,[1] be deemed an amended complaint.

---

[1] This court is obligated to liberally construe the pleadings of pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

1

More than thirty days have now passed, and plaintiff has yet to file an amended complaint. Federal Rule of Civil Procedure 41(b) and Local Rule 110 permit the sanction of dismissal of an action for failure to prosecute and/or obey a court order. See Fed. R. Civ. P. 41(b); see also L.R. 110 (E.D. Cal. 2009). This case has been on the court's docket since November 2017. The public's interest in the speedy resolution of this district's cases, the court's need to manage its docket efficiently,[2] and the prejudice to defendants that may occur due to further protraction of this matter (e.g., loss of records and witnesses, employee attrition) weigh heavily towards dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.3d 1258, 1260-61 (9th Cir. 1992)) (factors to consider prior to dismissing action for failure to prosecute and for failure to obey court order).

While public policy favors the dismissal of cases on their merits (see Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)), plaintiff has been given an opportunity to do so via the court's grant of an opportunity to file an amended complaint. (See generally ECF No. 13). Unfortunately, plaintiff has chosen not to avail himself of it. Furthermore, plaintiff was warned that failure to file an amended complaint in a timely manner might lead to this result. (See id. at 12). For these reasons, the undersigned shall recommend that this action be dismissed for failure to prosecute and for failure to obey a court order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for failure to prosecute and for failure to obey a court order. See Fed. R. Civ. P. 41(b); see also L.R. 110 (E.D. Cal. 2009).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

---

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2017 Annual Report, "Workload Statistics," p. 27 (2017) ("Our weighted caseload far exceeds the national average . . . ranking us 4th in the nation and 1st in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2017 Biennial Judgeship Survey recommended preliminary request for six additional permanent judgeships for Eastern District of California).

2

with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/posl2422.ftp.f&r